## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**ELIJAH ULYSSES BROWN, JR.,**                      **PLAINTIFFS**
**#70826-067; COURTNEY TUBBS,**
**#16775-002; CHAZZIO RUTHERFORD,**
**#30480-068; ANTONIO DEES, #14245-003;**
**LARRY JACKSON, #22078-021; NORMAN**
**MOORE, #18996-001; EDWARD HUNT,**
**#17243-003; JAMES POPE, #39605-083;**
**RODERICK HONEYCUTT, #35593-001;**
**MICHAEL GONZALEZ-COION,**
**#26887-055; SAMUEL WALKER,**
**#10062-379; JIMMY POWELL, #03567-043;**
**CHRIS ALEXANDER, #23499-009; EDDIE**
**TYSON, #91387-083; JON HILL,**
**#35882-001; ONANDAS BEARD,**
**#34808-001; RICHARD INGRAM, JR.,**
**#15087-010; JERRY LAWSON, #15307-010;**
**MALCOLM MIDDLETON, #18500-042;**
**BOBBY MAHONE, #20602-043; LEELON**
**WILLIAMS, #27409-044; and DANNY**
**AGUILAR, #20492-379**

**VERSUS**                               **CIVIL ACTION NO. 3:21cv19-CWR-LGI**

**NURSE STRONG, DR. MARTINER, DR.**
**CHAMBERS, and JOHN DOES**                      **DEFENDANTS**

### ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is *pro se* Plaintiffs Elijah Ulysses Brown, Jr.; Courtney Tubbs; Chazzio Rutherford; Antonio Dees; Larry Jackson; Norman Moore; Edward Hunt; James Pope; Roderick Honeycutt; Michael Gonzalez-Coion; Samuel Walker; Jimmy Powell; Chris Alexander; Eddie Tyson; Jon Hill; Onandas Beard; Richard Ingram, Jr.; Jerry Lawson; Malcolm Middleton; Bobby Mahone; Leelon Williams; and Danny Aguilar's Complaint filed on January 12, 2021. The Court is of the opinion that Plaintiffs must file separate complaints for the reasons set forth

below.

These twenty-two Plaintiffs filed a joint Complaint alleging violations of their civil rights while prisoners, and none completed an application to proceed *in forma pauperis* nor paid the filing and administrative fees.

It is well settled that a civil rights claim "must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990). "[L]ike all persons who claim a deprivation of constitutional rights," each plaintiff is "required to prove some violation of [his or her] personal rights." *Coon v. Ledbetter*, 780 F.2d 1158, 1160-61 (5th Cir. 1986). Meritorious claims may be obscured by the frivolous. Moreover, multi-plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

After the enactment of the Prison Litigation Reform Act of 1996, the Court implemented a number of procedures that facilitate the prison litigation process. If the Court were to permit multi-plaintiff prisoner complaints, however, such a practice would render those court procedures inefficient. For example, prisoner plaintiffs proceeding *in forma pauperis* are required to pay the full amount of the filing fee and costs. 28 U.S.C. § 1915(b)(1), (f)(2)(A). Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim, may not proceed *in forma pauperis*. 28 U.S.C. § 1915(g).

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the Court finds it appropriate to sever the recent matter into individual actions, one for each named Plaintiff. The present case, civil action number 3:21cv19-CWR-LGI, will be dismissed without prejudice.

The Clerk of Court will be directed to assign a new case number to each individual Plaintiff. The Clerk shall be directed to file the present Complaint [1], as well as this Order, in each new case with a file date of today's date.[1]  The Clerk shall also file the Amended Complaint [2], motion [3] to appoint counsel, and motion [4] for copies in the new case that is opened for Brown.  The newly assigned case number shall be placed upon the copy of the present Complaint and other documents, and they shall serve as the original documents in the severed actions.  In the event the Court finds that common questions of law or fact exist in separate cases, the Court may then order that those cases be consolidated, as provided in Federal Rule of Civil Procedure 42(a).

Upon assignment of individual case numbers and creation of individual cases, the Court will make further orders in each case after conducting its review pursuant to 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED**:

(1)   That civil action no. 3:21cv19-CWR-LGI shall be severed into twenty-two individual actions, one for each named Plaintiff;

(2)   That the severed cases shall be captioned as follows:

> Elijah Ulysses Brown, Jr. v. Nurse Strong, et al.
> Courtney Tubbs v. Nurse Strong, et al.
> Chazzio Rutherford v. Nurse Strong, et al.
> Antonio Dees v. Nurse Strong, et al.
> Larry Jackson v. Nurse Strong, et al.
> Norman Moore v. Nurse Strong, et al.
> Edward Hunt v. Nurse Strong, et al.
> James Pope v. Nurse Strong, et al.
> Roderick Honeycutt v. Nurse Strong, et al.
> Michael Gonzalez-Coion v. Nurse Strong, et al.
> Samuel Walker v. Nurse Strong, et al.
> Jimmy Powell v. Nurse Strong, et al.
> Chris Alexander v. Nurse Strong, et al.
> Eddie Tyson v. Nurse Strong, et al.

---

[1]The file date as of the date of the Order is for administrative purposes only.

    Jon Hill v. Nurse Strong, et al.
    Onandas Beard v. Nurse Strong, et al.
    Richard Ingram, Jr. v. Nurse Strong, et al.
    Jerry Lawson v. Nurse Strong, et al.
    Malcolm Middleton v. Nurse Strong, et al.
    Bobby Mahone v. Nurse Strong, et al.
    Leelon Williams v. Nurse Strong, et al.
    Danny Aguilar v. Nurse Strong, et al.

(3) That the Clerk of Court is directed to assign individual civil action numbers to each of the severed cases;

(4) That the Clerk is directed to file the Complaint [1] and this Order from civil action number 3:21cv19-CWR-LGI, in each newly created file, with a file date of today's date;

(5) That the Clerk shall file the Amended Complaint [2], motion [3] to appoint counsel, and motion [4] for copies from civil action number 3:21cv19-CWR-LGI, in the new case that is created for Plaintiff Brown, with a file date of today's date; and

(6) That civil action number 3:21cv19-CWR-LGI is dismissed without prejudice;

**SO ORDERED**, this the 3rd day of February, 2021.

            *s/ Carlton W. Reeves*
            UNITED STATES DISTRICT JUDGE